The opinion of the Court was afterwards delivered by
Parsons, C. J.
This cause has been very well argued by the counsel on each side. The execution of the lease declared on being admitted, and it being agreed that no rent has been paid, the plaintiffs must recover, unless they are barred in consequence of some of the facts disclosed by the case.
The defendant insists that the plaintiffs are barred, because * on the same day, and at the same time, the [ * 152 ] lease was executed, the intestate conveyed to him, in fee simple, the premises demised, on condition that the conveyance should be void on payment of 1000 dollars, in five years, with interest, to be paid annually, which condition has never been per *130 formed; which mortgage, he says, is in law an extinguishment, or at least a suspension of the term created by the lease.
It is generally true that the conveyance of a greater estate, inconsistent with a less estate before granted, shall merge the less estate. But in this case we do not think the rule will apply. It is very clear that when a man, seised of lands in fee, shall mortgage them in fee, if there be no agreement that the mortgagor shall retain the possession, the mortgagee may enter immediately, put the mortgagor out of possession, and receive the profits ; and if the mortgagor refuses to quit the possession, the mortgagee may consider him as a trespasser, and may maintain an action of trespass against him, or he may, in a writ of entry, recover against him as a disseisor (24). But there may be an agreement that.the mortgagor shall retain the possession until the condition be broken, which shall bind the mortgagee ; in which case the mortgagor may demise the estate to a stranger, and receive the rents to his own use. And upon the same principle, we are satisfied that the mortgagee, if he consent to take a lease from the mortgagor, and covenant to pay him rent until the condition be broken, shall be bound by his covenant, and shall not be admitted to set up his mortgage against the lease. The demise is in law an agreement that the mortgagor shall retain the possession, and receive the profits to his own use.
To avoid this conclusion, the defendant’s counsel would induce the Court to suppose that the lease was first executed, and after-wards the mortgage. When different instruments are executed at the same time, but are all parts of one transaction, it is the duty of the Court to suppose such a priority in the execution of them, as shall best effect the intention of the parties. As the lease is for five years, and as the money secured by the mortgage was to be paid in the same time, it is apparent that the lease and the mortgage were intended to execute one contract; and to give complete operation to both these deeds, it is reasonable to suppose [* 153] *the mortgage first executed. For if the lease had been first executed, and the mortgage intended to control the lease, no reason can be given why the lease was not in fact surrendered, as of no effect between the parties. It is therefore our opinion that the execution of the first mortgage is no bar to the recovery of the rent due on the lease.
The defendant further objects that if the first mortgage is not a bar, yet the second mortgage, made two days after, on his advancing *131 the mortgagor a further sum of money, is in law a bar to the plaintiffs’ recovery
This objection appears to deserve consideration. In considering it, we may lay the first mortgage out of the case, and suppose the question to arise on a lease made by a man seised in fee, who after-wards conveys the premises to the lessee in fee, on condition that the conveyance be void upon his paying a sum of money to the lessee at a future day. If the lessor, having the reversion in fee, make an absolute conveyance of the estate in fee to the lessee, with out doubt the term is extinguished. If he convey the estate in fee to a third person, the rent shall pass as incident to the reversion. But if he mortgage in fee the estate to a third person, the mortgagee may receive the rent as incident to the reversion, or permit the mortgagor to receive it, at his election (25). If he do not act to show his election to receive the rent, the mortgagor shall recover it of the lessee, who cannot plead the mortgage in bar. But as the mortgagee cannot put the tenant out of possession, if he demand the rent of him, the tenant must pay it to him; and if, after demand, the tenant shall pay it to the mortgagor, he' will pay it in his own wrong.
In the case at bar, the mortgagee is the tenant, and he cannot demand the rent of himself. If he refuse to pay it to the mortgagor, he must be considered as claiming the rent, if by law he may be entitled to it; and this refusal is sufficient notice to the mortgagor
The legal effect of this reasoning is, that when the mortgagee shall refuse to pay the rent, the rent is suspended until the condition of the mortgage be performed, or the estate be redeemed ; and upon either event the rent will again become payable, if the term has not in the mean time expired. And * during [ * 154 J the suspension the lessee will, as mortgagee, be accountable for the profits to the mortgagor towards the payment of the debt, first keeping down the interest; and of the value of the profits the reserved rent will prima facie be evidence. If, however, the lessee shall voluntarily pay the rent to the mortgagor, he shall not afterwards be accountable, as mortgagee, for the profits received for the same time.
To confirm this reasoning, let us consider the right of Harris, a subsequent mortgagee, which cannot be better than the right of the mortgagor, which is conveyed to him. As Harris could not put Wright out of possession, he might demand of him the rent. If Wright voluntarily paid it, Harris must account for it with Neioall towards the payment of his debt. But Wright might refuse to pay it, claiming the possession- under his prior mortgage; and then he *132 must account for the profits to the mortgagor towards the debt Otherwise the mortgagor, after a second mortgage, might, by collu sion with the first mortgagee, receive the rent, and, by not applying it to the discharge of the first mortgage, injure the subsequent mortgagee. For he, by his subsequent mortgage, is, from the time it was made, entitled, not only to the possession, but to the profits, against the mortgagor, and subject only to the rights of the prior mortgagee. Therefore, if the mortgagor should refuse to redeem, Harris may redeem Wright’s prior mortgage; and if Wright had refused to pay Harris the rent when demanded, and had not paid it to the mortgagor, Harris, when he redeems, may compel Wright to account for the profits, as received towards the payment of .his prior mortgage (26).
Upon these principles no injustice is done to the parties, but every equitable allowance is made. If neither the mortgagor nor any subsequent mortgagee will redeem, the presumption is violent, that the land, together with the profits received, is not worth more than the debt and interest due. If it should be worth less, and the first mortgagee should sue the mortgagor to recover the deficiency, in that suit the mortgagor will be allowed, not only for the value of the lands, when the mortgagee took possession, but also for all the profits he received after possession (27).
[ * 155 ] *The right of the mortgagee, who had entered under a lease prior to the mortgage, to hold the possession as mortgagee, is admitted by the plaintiffs’ counsel, if the mortgagee had made his election so to hold ; and he insists that the evidence of this election ought to be notice to the mortgagor that he shall no longer hold under the lease, and, further, that no such notice appears in the case; but that it "is expressly stated that he did not enter under the mortgages, until a time after the term was expired.
The objection that it appears from the case that the mortgagee did not enter until after the expiration of the term, deserves further consideration.
Our statute, granting equitable relief to a mortgagor, provides that he may redeem at any time within three years after the entry of the mortgagee, for the condition broken, in the presence of two witnesses, or by judgment at law. Generally, a mortgagee, when the mortgaged lands, without the profits, is a sufficient pledge for the debt and interest, does not choose to enter and take the profits for which he must account, until after condition broken. His entry then is to compel payment, by threatening to foreclose the mortgage
But at the common law, if there be no agreement that the mortga *133 gar retain the possession, the mortgagee has a legal right immediately to enter, and to put the mortgagor out of possession. And this right, the statute, fixing the time when the three years shall commence, has never been construed to control. When the mortgagee enters after condition broken, the three years commence on that entry. If he enter before, the three years do not commence until notice by the mortgagee to the mortgagor, after the condition broken, that he shall hold the possession for the breach of the condition (28).
In the present case, the entry after the condition broken could give Wright no new possession, it being also agreed that he took possession when the lease was executed, and has ever since held the possession. The fair construction of the agreement stated in the case is, in our opinion, that Wright, from the time agreed, held the possession of the mortgaged premises for condition broken, and that he is not * concluded, by that agree- [ * 156 ] ment, from claiming the possession before that time under his second mortgage.
The counsel for the plaintiffs correctly contends, that the mortgagee shall be considered as holding under the lease, until he has made his election, and given notice of it to the lessor, to hold under his subsequent mortgage, or done some act equivalent. It is not necessary for us to determine whether the non-payment of the rent, when due, is alone evidence of this election and notice. The argument for it is, that non-payment of money, when due, is, in law. a refusal. If the mortgagee held under the lease, this non-payment is an unlawful act; but if he held under his mortgage, it is justifiable ; and the Court ought to presume every act lawful, until its illegality is proved.
The argument on the other side is, that, as he once held under the lease, no mere nonfeasance shall be sufficient to transfer his right of possession to another subsequent title. But we are all of the opinion that Height’s never paying his rent, nor demanding his annual interest, during the term, connected with the lessor’s never demanding the rent, nor paying any interest, and suffering Wright to enter for the purpose of foreclosing the mortgage, and not redeeming the same, is sufficient evidence of the lessee’s election to hold under the mortgage, and of the lessor’s assent that he should so hold.
According to the agreement of the parties in the case, the plain tiff must be called.
Plaintiff nonsuit.

 [Goodwin vs Richardson, 11 Mass. 469.—Erskine vs. Townsend, 2 Mass 493.— Taylor vs. Weld, 5 Mass. 120.—Colman vs. Packard, 16 Mass. 39.— Ed.]

 [Montagu vs. Gay, 17 Mass. 439.—Keay vs. Goodwin, 16 Mass. 1.—Ed.]

 [Bigelow vs. Wilson, 1 Pick. 485.—Ed.]

 Amory vs. Fairbanks & Al., post, 562.—Ed ]

 [Erskine vs. Townsend, 2 Mass. 493 Pomeroy vs. Winship, 12 Mass 514.-Scott vs. McFarland, 13 Mass. 309.—Ed.]