DAVID ROBINSON *versus* THOMAS ROBINSON.

A mortgagor cannot sustain assumpsit against his mortgagee for the profits of the land received by the latter, between the time of entry to foreclose and the time when the mortgaged premises were redeemed.

THIS was an action of assumpsit, for the use and occupation of certain premises in Deerfield. It was submitted to the court on a statement of facts, involving the single question, whether a mortgagor can recover of the mortgagee the amount of the net profits the latter may have received from the lands, between the time of his entry on the premises, under a judgment to foreclose the mortgage, and the time when they are redeemed, in an action at common law.

Robinson
*vs.*
Robinson.

(1) 1 Mass. Rep.
433, Cummings
& wife vs.
Noyes.   6 John.
46, Smith vs.
Stevens.

Woodbury, J.   If an action at law can be sustained on this statement, it is probably the present one.(1)   But at common law, when the condition of a mortgage has been broken, the subsequent income of the estate, as well as the title, seems to be vested absolutely in the mortgagee.   *Pow. Mort. ch.* 6.   In England, however, courts of chancery interfere and relieve the mortgagor from the forfeiture incurred by non-payment at the stipulated time.   Yet there, it is those courts alone which, on application for an account or for redemption, compel the mortgagee to make allowance for the net profits received from the premises pledged.   *Pow. Mort. ch.* 20.—3 *Mass. Rep.* 138, 154.

But in New-Hampshire no court of chancery has ever been created.   The common pleas, and this court, possess a few chancery powers ; but they are such only as have been expressly conferred by statute, and consequently cannot be exercised except on occasions and in the manner prescribed by the statute.   *Vide ante, Lund* vs. *Lund, p.* 39.   Our acts of February 16, 1791, and January 16, 1795,(2) are all that exist here in relation to the subject of mortgages, and they contain no provision whatever for compelling the mortgagee to account.   The forfeiture of the estate, as at common law, is prevented, and a mode designated by which the title can, on the performance of certain conditions, become revested in the mortgagor.   But they proceed no further.   Whether, under the general rule, that when a mortgage is sued, judgment shall be rendered for the sum due, we could deduct from the debt all the profits of the estate before that time received by the mortgagee, it is unnecessary now to decide.   Nor do we determine whether, if a mortgagor, after an entry by the mortgagee for the purpose of foreclosure, tender to him the sum due, deducting the net income, he would not be entitled to a reconveyance on a petition in the mode prescribed in our statute of January, 1795. But we are satisfied that no principle exists at common law, and that no provision hath been made by our statutes, which

(2) 1 Laws
195, 197.

will enable the mortgagor to recover the profits in the present action.    Whether it would not be expedient for the legislature to enact such a provision, is a different question ; it being our duty *jus dicere, non jus dare.*

*Plaintiff nonsuit.*