## Bean *vs.* Mayo & al.

Where a fulling-mill and land were sold, and mortgaged back to the grantor to secure payment of the purchase money ; and by his bond of the same date he entered into certain stipulations respecting the liberties and immunities which the grantees should enjoy, in the use of the water and dam &c.; and covenanted that he would forthwith build for them certain machinery for their mill ; and that he would not follow nor permit others to pursue the same business there, while it should be followed by the grantees ; and reserved to himself the use of a room in the premises for a limited term ;—it was held that these stipulations amounted to a covenant that the mortgagors should occupy the premises, so long as they continued to fulfill the conditions of their deed of mortgage ; and that they constituted a good bar to a writ of entry at common law, brought by the mortgagee.

This was a writ of entry, upon the seisin of the demandant, to recover possession of a piece of land with a fulling-mill thereon. The tenants, in their first plea, alleged that the premises were conveyed to them by the demandant, by deed dated *March* 17, 1819, for the sum of $4000 ; that they at the same time reconveyed the same estate to him in mortgage, to secure the payment of the purchase money, by ten equal annual instalments, for which they gave him their promissory notes without interest, this having been already

paid ; that they had paid as many of the notes as had become due, being six in number ; that at the time of making the mortgage, the demandant by deed demised the premises to them, to hold as long as the conditions of the mortgage deed should remain unbroken ; under which lease they still hold the premises. The demandant traversed the lease ; and issue was taken on the traverse.

In their third plea, the tenants relied on the same deeds, setting forth, in *hæc verba*, the deed last referred to ; which was a bond from the demandant to them, conditioned that he should maintain the mill-dam and flumes in good repair, as long as the demanded premises should be occupied for manufacturing, carding and dressing woolen cloth ; should save the tenants harmless from costs and damage upon any complaint for flowing the lands of other persons ; and suffer them to work the water wheel then in the mill ; and to put down a new flume of certain dimensions, and to dig and remove the gravel and stones for that purpose, at their own expense ; and should not sell or convey to any other person any privilege for the establishment of a similar factory, nor engage in it himself, as long as the premises conveyed to the tenants should be occupied and used for the same business ; and should suffer the tenants to use part of the wood-shed near the premises ; and to draw a reasonable quantity of water for the uses of their fulling-mill and dye-house ; and also that he should put into his own grist-mill, for their benefit, a breast-wheel of certain dimentions, in two years from the following *June.*

They also set forth another bond given by the demandant to them, *March* 2, 1820, conditioned, within one year from the next *June,* to build and hang for them, in their mill, a breast wheel, and certain iron wheels, particularly described, and to furnish all the materials ; the tenants clearing away the old rubbish, and permitting the demandant to occupy a certain room in their factory one year, from the month of *June* then next, for a work and cook room, and there preparing certain parts of the machinery to be furnished. And thereupon they averred that the premises described in the bonds, were the same which had been conveyed to them by the demandant ; into which they had entered by virtue of his deed, and of the intent and meaning of the bonds ; and with his knowledge and consent had made

great and expensive repairs and improvements, such as were referred to and contemplated in the deeds, and upon the faith of the stipulations of the demandant therein; and that they had hitherto performed the conditions mentioned in the mortgage deed, and were entitled to hold the premises in peaceable possession, so long as they shall continue to perform them.

To this plea the demandant replied, alleging a particular performance of each stipulation expressed on his part, following exactly the language of the two bonds. And the tenants demurred generally to the replication.

At the trial of the first issue, before *Weston J.* a verdict was by his direction returned for the demandant, subject to the opinion of the Court, upon the case presented by the pleadings.

The general question raised was, whether, taking the deeds and bonds together, the tenants were entitled to hold possession of the premises, against the demandant, so long as they continued punctually to pay the sums mentioned in the mortgage?

*Allen*, for the tenants, contended that they were. And he adverted to the various particulars stated in the bonds, all shewing that such was the intent of the parties, and all senseless and unmeaning, upon any other supposition.

And he further argued, to the same point, that if the agreement of the demandant is to be treated as a parol license, the case shews a part performance on the part of the tenants, who have not only been put into possession of the premises by him, but have done acts prejudicial and expensive to themselves, upon the faith of the agreement. Upon this ground, therefore, they are entitled to protection. *Sugden on Vend.* 73. 83. 84. 1. *Sch. & Lefr.* 32. *Davenport v. Mason* 15. *Mass.* 85. *Roberts on frauds* 145.

*R. Williams*, on the other side, resisted the effect sought to be given to the bonds; contending that the parties having made their own contract, in the form of a bond with a penalty, and provided their own remedy for the breach of it, by action of debt at common law; it was not competent for the court to make for them a new and different contract. In any view of the writings, they possessed none

Bean *v.* Mayo & al.

of the attributes of a lease, as they shewed no certain beginning, ending, nor term of duration ; and without these a lease is void.    3. *Cruise* 115. *tit. Deed, ch.* 7.    *Co. Lit.* 45 *b.*    *Cook v. Stearns* 11. *Mass.* 533.

WESTON J. delivered the opinion of the Court.

It appears from the pleadings that the title of the demandant arises from a deed made by the tenants to him, on the 19th of *June* 1819, conveying the premises in fee and in mortgage.    It further appears, that there has been no breach of the condition of that deed, on the part of the tenants.    The demandant, therefore, has no right to the possession of the land for condition broken ; but as the owner of the legal estate, he has a right to recover it at common law ; unless, from the deed itself, or from some other instrument in writing executed by him, it has been agreed that the tenants shall retain the possession, until there has been a breach of the condition.    And we are of opinion that, from the condition of the bond executed by the demandant to the tenants, on the day the mortgage deed was given, and by that of the second of *March* following, it does appear, by necessary implication, that the tenants were to keep possession of the premises, until they failed to perform the condition.    By the condition of the first bond, the tenants were to have the privilege of drawing water, to work the fulling-mill and carding-machine, as long as the same should be occupied for the purpose of carding and manufacturing wool ; the demandant was to keep the dam and flumes in such repair, as to be reasonably tight to save the water ; they were to have the privilege of putting down an additional flume ; he was not to lease or convey any other privilege near his mills, for the same purposes, or carry on the same business himself, while the premises in question were used for the carding and manufacturing of wool ; and the tenants were to have the privilege, at all times, to draw a reasonable quantity of water, using it prudently, into their full stocks, to enable them to rinse cloth, and fill their dye kettles, tubs and vats.

By the condition of the bond executed by the demandant to the tenants on the second of *March* 1820, he was to make certain wheels, and to perform other services, in and about the premises, for their

Bean *v.* Mayo & al.

use, and was to have the use and improvement of the story over the carding-machine, for one year from the month of *June* following, for certain purposes.

From these instruments, it is apparent that it was the understanding and agreement of the parties, that the tenants should occupy the premises, so long as they continued to fulfil the condition of their deed of mortgage. The stipulations of the demandant imply this; and it is impossible to give effect to them, unless they are thus understood. If he is permitted to take possession, the design of their purchase and of his agreement, is altogether defeated. It is very clear that the premises were intended to be used for the purposes, for which they were originally erected. They were thus to be used by the tenants, to whom certain facilities in aid of the object were secured, so long as the business should be pursued. The demandant was not to engage in the same employment himself, or to suffer any other person to do so, in or about his mills. Either the tenants or their assigns must continue the business of carding and manufacturing wool; or it cannot be pursued at all, without a forfeiture of the demandant's bond.

The stipulation, which the demandant made for the special enjoyment of a part of the premises for a definite period, was entirely unnecessary, if he could at any time command the the whole. There is no objection to the evidence by which this agreement is proved; it is in writing, and signed by the party to be charged. It is impossible to mistake the intention of the parties. That intention is a lawful one. And yet by this action, the demandant claims to resume the possession of the premises, while the condition in the tenant's deed remains unbroken; and thus defeat their object in purchasing; throw them out of the business, in which they had engaged in the faith of his agreement; and render useless and unproductive the expense, they have been induced to incur.

In the case of *Newall v. Wright,* 3 *Mass.* 138, *Parsons C. J.* delivering the opinion of the court, after stating it as a general principle of law that the mortgagee may demand and recover possession before condition broken, says, "But there may be an agreement that the mortgagor shall retain the possession, until the condition be

broken, which shall bind the mortgagee. And upon the same principle, we are satisfied that the mortgagee, if he consent to take a lease from the mortgagor, and covenant to pay him rent until the condition be broken, shall be bound by his covenant, and shall not be admitted to set up his mortgage against the lease." The agreement in that case, that the mortgagee should not take possession under his mortgage, although not express, was necessarily implied by his becoming lessee of the premises, and engaging to pay rent. There is the same implication in the case before us; and the demandant cannot be admitted to set up his mortgage to defeat stipulations, which he has bound himself to perform.

The verdict is set aside; the replication to the third plea in bar is adjudged bad; and this plea being a good and sufficient bar, judgment is to be rendered for the tenants.