## ROBERT BOYD *vs.* MASON SHAW.

The *lawful entry* to foreclose a mortgage under the *Mass. st. of* 1798, *c.* 77, is not restricted to one made in the presence of two witnesses, or obtained by process of law, as required by the former *st. of* 1783, *c.* 22; but extends to *any actual entry* into the premises, lawfully made for that purpose.

THIS was a bill in equity, and was heard on bill, answer, and proof. The bill alleged, that *William Boyd* was seised of a tract

Boyd *v.* Shaw.

of land in *Bangor*, and on the *3d of December*, 1813, mortgaged the same to the defendant, to secure the sum of $286, 37, payable in six months, with interest; and that on the *8th of August*, 1815, the said *William Boyd* made a second mortgage of the same land to *Philip Coombs* and *Richard Pike*, to secure the payment to them of the sum of $321,59 in one year with interest; that on the *4th* of *June*, 1835, *Coombs* and the administratrix of *Pike* assigned their mortgage to the plaintiff; that the plaintiff, as assignee of the *Coombs & Pike* mortgage, on the seventh of the same *June*, tendered to *Shaw* the amount due on his mortgage to redeem the same; and that *Shaw* refused to receive the money, or give a quitclaim deed, and wholly denied any right to redeem.

The answer denied, that any right of redemption existed at the time of the alleged tender; that on the *9th of April*, 1816, "he entered upon the premises and took peaceable possession thereof according to law, by virtue of said mortgage deed, and for the express purpose of foreclosing the right in equity of redeeming the same, and that said *William Boyd* was then present, and had full knowledge of such entry to foreclose, and gave his written assent thereto;" that he has ever since, by himself and tenants, peaceably, openly, and exclusively occupied, possessed, and improved the same; and that the said *Coombs, Pike*, and *Robert Boyd* well knew the same. The defendant also set up title to the premises, by virtue of a Collector's sale for the payment of taxes; but, as this part of the case is not noticed in the opinion of the Court, any reference to it has become unnecessary. The facts in the case sufficiently appear in the opinion of the Court.

*Rogers*, in his argument for the complainant, remarked, that the only question was, whether there was a foreclosure in manner provided by law; that the lapse of time should have no influence; that the right of redemption was one favored in law; and that the mere possession of the defendant, without taking the necessary measures to foreclose, could not take away the rights of the assignee of the second mortgage. He contended, that by the *Mass. st.* of 1785, entitled an "act giving remedies in equity," there were but two modes of commencing the foreclosure of a mortgage, by entry under process of law, and by open and peaceable entry in the presence of two witnesses, and in both cases for condition broken.

By the additional act in 1795, 2 *Mass. st.* 853, a *mode of relief* is pointed out, when the mortgagee has entered according to law, but no new *mode of foreclosing* a mortgage is given. The third mode given in this State, "by the consent in writing of the mortgagor or those claiming under him," did not exist until 1821. *Revised st. c.* 39. The written consent of *William Boyd* therefore, being before that time, is of no importance, and an entry by that mode would not operate, as a foreclosure against him. No entry having been made in manner required by law, there was no foreclosure against the mortgagor. Much less has there been any foreclosure against the second mortgagee, under whom we claim. Our mortgage was before any attempt to foreclose, and no notice whatever of any entry to foreclose was given to us. In some of the earlier cases, there are remarks made, that when the mortgagee enters into possession in any way, after condition broken, it is to be presumed, that it is for condition broken ; but the latter cases hold notice to the owner of the equity absolutely necessary. The latter decisions were made, where the cases were before the Court for decision on that point ; the remarks in the earlier cases were mere dicta of the Judge delivering the opinion, without pertinency to the questions before the Court. The counsel went into an argument to show, that upon the facts, there was no foreclosure of the first mortgage against the holder of the second ; and cited *Holdridge* v. *Gillespie,* 2 *John. Ch. R.* 30 ; *Hart.* v. *Ten Eyck.* 2 *John. Ch. R.* 62 ; *Woodcock* v. *Bennett,* 1 *Cowen,* 711 ; *Pomeroy* v. *Winship,* 12 *Mass. R.* 514 ; *Gordon* v. *Lewis,* 1 *Sumner,* 525 ; *Taylor* v. *Weld,* 5 *Mass. R.* 109 ; *Thayer* v. *Smith,* 17 *Mass. R.* 429 ; *Gibson* v. *Crehore,* 5 *Pick.* 146 ; and *Hadley* v. *Houghton,* 7 *Pick.* 29.

*Mellen,* and *F. Allen,* argued for the defendant, and contended :

That without such attending circumstances, as are proved in this case, the law presumes, that when a mortgagee enters after breach, he enters for the purpose of foreclosure ; and will also presume, *that all was done according to law, which was necessary to be done.* *Taylor* v. *Weld,* 5 *Mass. R.* 119 ; *Pomeroy* v. *Winship,* 12 *Mass. R.* 519. By the Provincial act, ancient charters, 325, the entry was sufficient to foreclese, if the mortgagee "by any ways or means whatsoever obtained possession ; and the statute of 1799 restored

the law to where it stood before the act of 1785. It was not necessary, that the entry should be made in the presence of two witnesses in this case. The mortgagee entered into possession, stating his object, and taking a written assent from the mortgagor; and this was sufficient. *Erskine* v. *Townshend,* 2 *Mass. R.* 493; *Newall* v. *Wright,* 3 *Mass. R.* 138; *Pomeroy* v. *Winship,* 12 *Mass. R.* 519; *Skinner* v. *Brewer,* 4 *Pick.* 470; *Dewey* v. *Van Deusen,* 4 *Pick.* 19; *Hadley* v. *Houghton,* 7 *Pick.* 29.

If the entry made by *Shaw* in 1816 was not effectual to bar the right of redemption, his open possession for three years after the act of 1821, with *Boyd's* knowledge of it, was sufficient. That statute speaks of entries before, as well as after its passage, and the right of redemption was barred in 1824 under the provisions of it.

We were not bound to *give notice* to any one, but the mortgagor and his legal representatives, of the entry to foreclose, nor are we bound to prove any notice to the second mortgagee. There was no privity of contract between *Shaw* and *Coombs.* An entry by judgment of law against *Boyd* would have been sufficient to foreclose against all, and an entry by the consent of the mortgagor is a substitute for it. *Erskine* v. *Townshend,* and *Skinner* v. *Brewer,* before cited; *Reed* v. *Davis,* 4 *Pick.* 216; *Thayer* v. *Smith,* 17 *Mass. R.* 429; 4 *Dane,* ch. 112, *art.* 5; 4 *Kent,* 1st. ed. 188. But if notice to *Coombs* was necessary, the case shows, that he had it.

After a continuance for advisement, the opinion of the Court was drawn up by

WESTON C. J. — The principal question submitted to us is, whether there has been a foreclosure of the mortgage, executed by *William Boyd,* from whom both parties claim, to the defendant. From the date of that mortgage, which was in *December,* 1813, until 1821, when the statutes were revised, the rights of the parties are to be determined by the laws of *Massachusetts,* then existing. By the *statute* of 1785, *ch.* 22, 1 *Mass. laws,* 251, all real estates pledged or mortgaged are declared redeemable, unless the mortgagee, or person claiming under him, hath by process of law, or by open and peaceable entry, made in the presence of two witnesses, taken actual possession thereof, and continued that possession

peaceably three years. By the additional *statute* of 1798, *ch.* 77, 2 *Mass. laws*, 853, it is provided, that where the mortgagee has lawfully entered, and obtained the actual possession of the mortgaged premises, for condition broken, the mortgagor shall have a right to redeem the same, within three years next after such possession obtained, and not afterwards. And a process is provided by a bill in equity, whereby upon payment or tender made, within the period limited, he is to be restored to the enjoyment of the premises.

It is contended, that by lawful entry under the last statute, must be understood one made peaceably, in the presence of two witnesses, or obtained by process of law, according to the provisions of the former statute. There does not seem to be any sufficient reason, why the term, lawful entry, should receive so narrow a construction. Any peaceable entry made by the mortgagee, upon a surrender to him of the premises, or otherwise, would be lawful.

These statutes have frequently been under consideration in the Supreme Court of *Massachusetts*. In *Earskine v. Townsend*, 2 *Mass. R.* 493, it was stated by the Court, that if the mortgagee shall lawfully enter and take possession, after condition broken, the three years will commence from the time of such entry. But if he have entered before, they do not commence, until he shall have given notice to the mortgagor, after condition broken, that he holds for that cause. What shall constitute a lawful entry is not defined, but a mode of foreclosure is expressly recognized, not pointed out by the first statute, namely, by notice to the mortgagor. *Newall et al.* v. *Wright*, 3 *Mass. R.* 138 has the same doctrine. *Parsons C. J.* there says, "when the mortgagor enters after condition broken, the three years commence on that entry.

In *Taylor* v. *Weld et al.* 5 *Mass. R.* 109, it was stated by *Sedgwick J.* who delivered the opinion of the Court, that an entry, after condition broken, shall be understood to be for that cause. In that case it was held by the Court, under the *statute* of 1798, *ch.* 77, that the three years begin to run, from the time the mortgagee shall have made lawful èntry for condition broken; and that to effect a foreclosure, it was no longer necessary, as was required by the former statute, that he should enter by process of law, or make open and peaceable entry in the presence of two witnesses. In *Pomeroy* v.

*Winship*, 12 *Mass.* 514, *Parker C. J.* says, " it has already been decided that, where the mortgagee shall enter after condition broken, it shall be presumed that he entered for that cause; and the time for foreclosure shall run from that entry." The generality however of this intimation has been modified by subsequent decisions.

In *Thayer et al.* v. *Smith*, 17 *Mass. R.* 429, the court held, that the entry must be open and peaceable and actual possession taken, that the mortgagor may know when the three years commence, beyond which his right to redeem will cease; and that nothing short of actual notice to the mortgagor will supply the want of a continued possession. The same doctrine was laid down in *Gibson* v. *Crehore*, 5 *Pick.* 146, and in *Hadley et ux.* v. *Houghton*, 7 *Pick.* 29.

We are warranted then in deducing from the law of *Massachusetts*, as settled by judicial construction, that to effect a foreclosure by proceedings *in pais*, the mortgagee is to make lawful entry for condition broken, of which the parties to be effected must have actual or implied notice; and that notice is to be implied from a subsequent continued possession.

The entry of the mortgagee proved in this case, was after condition broken. The defendant entered lawfully for that cause and for the purpose of foreclosure, as appears by the consent in writing of *William Boyd*, the mortgagor, who had continued in possession up to that period. From that time, *Boyd* considered the land the property of the defendant, and his right was frequently recognized by *Coombs*, who became second mortgagee jointly with *Pike*. The first mortgage was recorded; *Coombs* knew of its existence; and *Boyd*, who was left in possession, and who acknowledged under his hand the entry of the defendant for condition broken, was for many years his near neighbor. *Coombs* found that the defendant had taken possession, after the date of the second mortgage to him.

He now states, that he neither knew or suspected that he did so for the purpose of foreclosure. It is somewhat remarkable, that interested as he was in the property, such a suspicion should not have entered his mind, during the years that the mortgagee had the possession and control of the land by his agents. If he had given himself the trouble to inquire, he might have ascertained the fact from his neighbor *Boyd*, the mortgagor. If he did not know when

the first mortgage was payable, he might have known upon inquiry, which as second mortgagee he was bound to make, the note being referred to in the first deed of mortgage, which was duly recorded.

He stated to *Jason Comings*, in 1828, that he had occupied the land for paying the taxes a few years, under the defendant. It appears, both from the testimony of *Comings* and of *John Bennock*, the agent of the defendant, that about that time *Coombs* applied to him to hire the land, claiming a preference from his former occupancy ; and because it was contiguous to his own land. And he was accordingly permitted to continue his occupancy. In his communications with *Bennock*, he uniformly spoke of this land as belonging to the defendant. It appears that he repeatedly proposed to · buy it ; and that he had once or twice offered for it, to the defendant or his agents, a sum exceeding the amount originally due to the defendant with the interest.

It has been satisfactorily established in proof, that in 1816, the defendant made peaceable and lawful entry into the premises for condition broken. That for several years prior to 1828, and for several years afterwards, being more than three years in the whole, he was in the continued possession by his agent, or by his tenant, *Coombs*. The entry and possession of the mortgagee, after and for condition broken, is implied, if not actual, notice to all persons interested in the equity of redemption. But if it is incumbent upon the defendant to prove affirmatively notice of his entry to the second mortgagee, it is abundantly proved that *Coombs* had such notice ; and he ought to have known, and might have known, that it was for condition broken. And the plaintiff is affected with this notice, holding as he does under *Coombs*, by deed dated a few days only before the commencement of this suit.

From the facts in the case, we are satisfied, that the right to redeem, now attempted to be asserted, was foreclosed prior to 1821, under the laws of *Massachusetts*. The defendant had lawfully entered and taken possession for condition broken, by the consent in writing of the mortgagor, *Boyd*, who was then in the actual possession, with the equitable right to redeem from both the incumbrancers. The second mortgagee became the tenant of the defendant for more than three years since the revised statute of 1821, fully acknowledging the defendant's title. If then the equity was

Boyd *v.* Shaw.

not foreclosed before, as we think it was, if the case required it, there is much reason to hold, that there may have been a foreclosure under the statute of this State. But upon this point we give no decided opinion. The entry of the defendant for condition broken, having been lawfully made prior to 1821, the law of *Massachusetts* must govern the case.

It has been contended in argument, that the right to redeem is a favored claim. But the extent and limit of the favor due to it, has been fixed by law. This we are not at liberty to transcend. It is very manifest, that the movement to redeem had its origin in the very great and sudden appreciation of the land in value. The plaintiff's grantor, a man of ample means, had slumbered upon the claim now set up, for twenty years. He was under no obligation to pay the debt due to the defendant. For the greater part of that period, it was doubtful whether the value of the land was equal to that debt. If it had depreciated, the loss would have fallen upon the defendant ; and it is but just that the chance of gain should be accorded to him, who runs the hazard of the loss.

*Bill dismissed.*

---

NOTE.

Does not the statute of 1821, *c.* 39, prevent the foreclosure of a mortgage by *any other lawful entry*, than those specially provided in that statute ?

In the revision of our statutes, the whole of the *Massachusetts* statute of 1785, *c.* 22, excepting a few words at the close of it, has been omitted. The first section of the statute of 1798, *c.* 77, is reenacted in the first section of our revised statutes, *c.* 39 ; and is immediately followed by this proviso : — " That the entry above described shall be by process of law, or by the consent in writing of the mortgagor, or those claiming under him, or by the mortgagee's taking peaceable and open possession of the premises mortgaged in the presence of two witnesses."

As the decisions in *Erskine* v. *Townsend, Taylor* v. *Weld,* and *Pomeroy* v. *Winship,* were made prior to the revision of the statutes, the Legislature probably intended to exclude the constructive mode established by those decisions.

By the *stat. March* 20, 1838, *c.* 333, another mode is provided, whereby the mortgagee, or his assigns, may foreclose a mortgage by giving public notice in some newspaper, printed in the county where the real estate is situated, that the condition of the mortgage has been broken, by reason whereof he claims to foreclose the mortgage, or causing the notice to be served on the mortgagor, or his assigns, and also causing a record thereof to be made in the Registry of deeds in the same county. The manner in which it is to be done is pointed out in the statute.