## HORACE MANN *versus* CHLOE RICHARDSON.

Where the condition of a mortgage was, that the mortgager should pay several sums of money at several times, and upon the non-payment of one of the sums first becoming payable, the mortgagee entered for condition broken, and after all the sums had become payable, the mortgager brought his bill to redeem, it was *held*, that the mortgager was not entitled to a decree, except upon paying the whole sum due on the mortgage, and not merely the sum for the non-payment of which the entry had been made.

If a mortgagee having entered for breach of condition in the non-payment of one of several sums secured by the mortgage, refuses, upon a bill to redeem, to receive the further sums which have not fallen due, the court will make a special decree, declaring that the proceeding shall stand open, leaving the mortgagee in possession until such further sums shall become payable.

THIS was a bill in equity, brought by the assignee of a second mortgage, to redeem the first mortgage. The defendant's answer did not deny the plaintiff's right to redeem, on his paying her the sum to which she was by law entitled.

By the report of a master in chancery it appeared, that on the 23d of November, 1830, the land was mortgaged by one Bishop to the defendant, to secure the payment of six promissory notes of 1000 dollars each, payable respectively in one, two, three, four, five and six years from the 1st of April, 1831, with interest annually from the date ; that the two notes which first became payable, had been paid ; that on the 1st of September, 1834, the defendant entered for breach of condition, there being then due and payable 1000 dollars, the principal of the note which came to maturity on the 1st of April, 1834, and 220 dollars, interest on that and the three remaining notes, and that she had ever since continued in possession ; that since her entry she had received from rents &c. a larger sum of money than was due and payable at that time ; that in 1837, when the suit was commenced, all the notes had come to maturity, and that the sum then due on the mortgage to the defendant was about 2900 dollars.

The plaintiff, in his bill to redeem, offers to pay the defendant whatever may be due to her under and by virtue of her possession for condition broken ; and he prays that she may be held to render a just and true account, and to surrender and convey the premises to him.

The case was argued in writing.

*Merrick,* for the plaintiff. It is not claimed or pretended by the defendant, that she has, since she first entered or since she received sufficient sums of money to pay what was due at the time of her entry, given any notice to the owner of the equity of redemption, of her intention to continue to hold the estate for the purpose of foreclosing, on account of any other and further breach of condition. Such breach of condition has in fact since occurred, by a failure to make payment of other sums which have become due and payable since the 1st of September, 1834. No question is made by the defendant of the plaintiff's right to redeem ; but the plaintiff does not now ask for such decree. He claims, that the sums of money, so far as may be needful for that purpose, shall first be applied by the defendant to the payment of the amount due and payable when she first entered into possession ; that such payment being made, *that* breach is discharged ; and that the defendant now holds the estate subject to be redeemed by the owner of the equity at any time within three years after he shall again be notified by the defendant of her intention to hold the estate for the purpose of foreclosure.

The Revised Stat. *c.* 107, § 29, authorizes the Court to make, in any suit commenced according to its provisions, any such order, judgment and decree, as justice and equity may require. The plaintiff contends, that neither justice nor equity requires, that the defendant should force him to make payment at the present time, upon the penalty of depriving him of all right and interest in the estate ; but that the defendant having received all the money which was due when she took possession of the estate for breach of condition, the parties shall be remitted to their respective rights then existing, with power and privilege on the part of the mortgagee to commence the foreclosure of the estate whenever she shall think fit to give a new notice for that purpose. This proceeding is wholly in equity. It was undoubtedly the intention of the legislature, that the mortgager should not lose his title to the estate, except by neglecting, for the term of three years after an actual entry by the mortgagee for breach of a condition, to perform that condition.

It has been settled, that if a mortgagee enter and take pos session before the condition is broken, and continue in the receipt of the profits after, the time limited by the statute for redeeming will not commence till he give due notice to the mortgager, after condition broken, that he shall thenceforward hold the possession for the purpose of foreclosing the mortgage. *Newall* v. *Wright*, 3 Mass. R. 138 ; *Erskine* v. *Townsend*, 2 Mass. R. 493 ; *Pomeroy* v. *Winship*, 12 Mass. R. 514 ; *Scott* v. *M'Farland*, 13 Mass. R. 309. It is obvious, that the payment of the money which was due at the time of the defendant's entry, would, in substance and effect, leave her precisely in the situation of a mortgagee who has taken pos session of the mortgaged premises and held them over after a breach.

In the present case it appears, that before the defendant had received sufficient money from the rents, &c. to pay what was due and payable, other sums of money secured by the mort gage became payable, and the mortgager failed to make pay ment thereof, thus actually occasioning a new and further breach of the condition. But this can make no difference. For a particular breach, that is, for a failure to pay a particular sum of money, the defendant does acts which entitle her to obtain rents and profits for the purpose of paying it. Those rents and profits she receives, and is of course bound to apply to the payment of the particular debt on account of which she takes possession of the estate. If the payment had been made by the mortgager, he could have directed the appropriation ; and when instead of the money being paid by the mortgager to the mortgagee, the latter receives it out of the estate of the former exclusively by reason of a particular debt, the law will apply the money received to its extinguishment.

The new breach of condition occurred after the entry of the defendant upon the estate. Her continuing possession after wards without notice, is not like the case of an original entry ; and therefore the principle adopted in *Taylor* v. *Weld*, 5 Mass. R. 109, is inapplicable. But even if that principle were, according to the course of former decisions, applicable, the provision respecting the foreclosure of rights in equity of redeeming, is changed by Revised. Stat. *c.* 107, § 2. That

which formerly was a sufficient entry *in pais*, is since tnat statute no longer sufficient.

The plaintiff therefore simply asks for a decree, that the right in equity shall not be foreclosed by virtue of the continued possession of the defendant under her entry.

*Metcalf*, for the defendant. The only point on which the defendant's counsel will occupy the Court is, whether a second and third notice to the plaintiff or his assignors, that she held for successive breaches of condition, was necessary to a foreclosure. All the cases show, that express notice, *totidem verbis*, of the purpose of keeping possession, is not necessary, even where entry is made *before condition broken*. *A fortiori*, it is presumed, is this true in a case like the present. The only cases yet reported, that assert the necessity of notice, of any sort, that the mortgagee holds for foreclosure, are those in which possession is taken *before condition broken*. The entry of the defendant was after breach of condition, and, *therefore*, for the purpose of foreclosing, and as it appears that a condition has been broken every hour since that entry, the only sensible inference would seem to be that which the plaintiff himself deduced, and on which he acted up to the time of the filing of his bill, to wit, that the defendant continued to hold for the same purpose which induced her to take possession. *Taylor* v. *Weld*, 5 Mass. R. 119, 120 ; *Estabrook* v. *Moulton*, 9 Mass. R. 258 ; *Wilder* v. *Whittemore*, 15 Mass. R. 262.

Perhaps, however, the defendant might very properly refer to the Revised Stat. *c.* 107, § 14, without further remark. The construction given in *Taylor* v. *Weld*, to the *St.* 1798, *c.* 77, § 1, seems to be adopted into the *terms* of the revised code.

SHAW C. J. delivered the opinion of the Court. The plaintiff's argument, we think, is founded on a mistaken view of the rights and duties of the parties to a mortgage.

At the time when this bill was brought, the condition was broken, the defendant had entered for condition broken, and the three years had nearly expired. The plaintiff, however, brought his bill within the time, he has a right to redeem, and the only question is, upon what terms.

Where one condition is broken, and the entry has been made, and the three years are about expiring, and the mortgager wishes to redeem, and there are other securities covered by the same mortgage, not due, if the mortgagee is unwilling to accept the amount not yet due, he is not obliged to do so ; but then to avoid the manifest injustice of a foreclosure, the Court will make a special decree, upon payment of the sum due, declaring that the proceeding shall stand open, leaving the mortgagee in possession, until the further sum shall become due. *Saunders* v. *Frost*, 5 Pick. 259. But no such course is required or would be proper in the present case.

The argument of the plaintiff seems to go on the ground, that it was the intent of the statute to give a mortgage debtor the additional term of three years' credit beyond that stipulated by the parties, for all sums. But this is not so ; the provision of the statute was intended to avoid a forfeiture. The mortgager is allowed to redeem and regain the title and possession of the estate, on paying all that is due, and performing the condition so far as he can. This requires, that he should pay all that is due at the time of the decree. *Saunders* v. *Frost*, 5 Pick. 259, 275 ; *Wetmore* v. *Green*, 11 Pick. 462. The argument goes on the assumption, that after there is an entry for condition broken, there must be a new entry or a new notice, on the breach of each subsequent condition by the non-payment of principal or interest. But we think it is not so. Until a breach of condition, the rights of the parties are legal and not equitable. *Newall* v. *Wright*, 3 Mass. R. 138. But after breach of condition it is otherwise.

The reason why notice must be given when the mortgagee has entered before condition broken is, that otherwise he could never foreclose. He could not enter on himself and so comply literally with the statute ; so notice is held to be good and sufficient for this purpose, as an act *cy pres*, and from necessity. But if a mortgagee enter after condition broken, then his entry shall be referred to his right, and he shall be presumed to have entered as well for the purpose of foreclosing as for taking the rents and profits. Then he has no need of giving any notice of further breach of condition. By the breach of any condition, the estate is his, at law. The rights

of the mortgager are equitable only. When he comes to ask equity, he must do equity by paying all that is due on the mortgage.

A recent case was decided in Hampshire, somewhat similar in principle. *Brooks* v. *Moody*, 20 Pick. 474. In covenant against incumbrances, the plaintiff recovered a sum paid to extinguish an outstanding mortgage, though payment was made after the action brought.

The Court are of opinion, that the plaintiff, in order to redeem, is bound to pay all that is due upon the mortgage at the time the account is taken. The prayer of the bill in such case is, that an account may be taken of what is due ; and the plaintiff must, by his bill, declare his readiness to pay the amount which may be found to be due.

It is analogous to an action on a penal bond. On a breach shown, the plaintiff recovers all that is due at the time of the hearing in chancery, although part of it has fallen due since the action brought.

Here the mortgagee has a good legal title, and legal and actual possession ; and the plaintiff asks a hearing in equity. He must pay all that is due at the time of that hearing in order to restore him to the legal title and possession, that is, to redeem. The only exception is, where there are remaining conditions unperformed, as to pay notes not yet due, and the mortgagee declines taking payment before it is due ; and this is an exception allowed from necessity, in favor of the mortgager, to prevent the forfeiture of his estate.

*Decree accordingly.*