### JOHN NUGENT vs. MICHAEL RILEY.

A lease for years by indenture, in which the lessor acknowledges the receipt, in advance, of a gross sum, in full for rent of the demised premises during the term, and in which the lessee covenants to reconvey the premises on payment of said sum and interest thereon, is a mortgage ; and the rights and duties of the parties are like those of mortgagors and mortgagees of estates of freehold.

So of a lease prepared in such form, but executed by the lessor only ; provided the lessee accepts it and takes possession under it.

In the latter case, there is no covenant, technically, on the part of the lessee, upon which an action can be maintained. But if he underlets the demised premises, and receives rent before the term expires, to the amount of the gross sum advanced by him, and interest thereon, his estate for years is thereupon defeated, and the lessor is immediately in of his old estate. All that the lessee receives above that amount, is received, not as mortgagee, but for the lessor, who may recover it of him in an action for money had and received.

THIS was an action of assumpsit commenced on the 15th of August, 1837. There were two counts in the declaration ; one for money had and received, and the other for use and occupation of the premises described in the instrument hereinafter referred to.

It appeared, at the trial before *Wilde*, J., that the plaintiff, on the 31st of March, 1830, demised to the defendant, by an instrument under seal, a parcel of land with the buildings thereon, to hold for the term of seven years and six months, and in said instrument acknowledged that the defendant had paid the sum of $ 78·64, in full of the rent of the demised premises for the term aforesaid. This instrument purported to be an indenture, and contained a clause for reconveyance by the lessee upon payment of said sum and interest thereon ; but it was not executed by the defendant.

It was proved that the defendant held the premises during the term mentioned in the lease ; that he, from time to time, let the same, for a part of the term, and received various sums of money from his sub-lessees. In August, 1834, the attorney of the plaintiff, at his request, called upon the defendan to reconvey the premises, telling him that he had received, as the plain tiff alleged, rent to a greater amount than he had advanced when he took the lease. The defendant said he had received very

little rent from the premises, and refused to reconvey them. He also said that the plaintiff, about eighteen months before, had made a similar demand on him for a reconveyance.

The defendant made various necessary repairs on the demised premises, during the term.

The jury were instructed that the plaintiff could not recover on the count for use and occupation of the demised premises ; but that if they should find that when the reconveyance of the premises was demanded, the defendant had received rent therefor to the amount of $ 78·64, which he had advanced, with interest, and sufficient to pay for the repairs then made, and for his care in managing the estate, then the plaintiff was entitled to recover, on the money count, all the additional money which he proved that the defendant had received for rent.

The judge also ruled, that the instrument called a lease was only a mortgage of the income of the estate for $ 78·64, and that when that was repaid by the rent, the defendant was bound, on request, to surrender the premises, and annul the instrument or reconvey the estate.

The jury returned a verdict for the plaintiff, and the defendant moved that the verdict be set aside on the following grounds : `

1st. That the instrument was an absolute lease, and not a mortgage ; and that it only contained a covenant that the defendant would reconvey on the plaintiff's repaying the rent advanced.

2d. That if the defendant were liable to the plaintiff at all, it was only in an action of covenant broken, for violating the covenant to reconvey.

If the court sustain both the defendant's objections, the plaintiff is to become nonsuit. If neither of them be sustained, the verdict is to stand ; or it may be altered, and judgment rendered for such sum as, in the opinion of the court, justice requires.

*Peabody*, for the defendant, argued that the instrument in question was a purchase of the term on a contingency, and not a mortgage. No obligation was imposed on the plaintiff by that instrument ; he had merely the privilege of a reconveyance. In order to constitute a mortgage, there should have been an ex-

press condition. *Kelleran* v. *Brown*, 4 Mass. 443. *Bodwell* v. *Webster*, 13 Pick. 411.

But if the instrument were a mortgage, yet the action should have been on the covenant. There is no implied promise, and assumpsit is not maintainable. *Mill Dam Foundery* v. *Hovey*. 21 Pick. 417, and cases there cited.

*Harrington*, for the plaintiff. The instrument, on its face, is a mortgage or a pledge ; a mere security for a debt. *Croft* v *Powell*, Com. R. 607. 4 Kent Com. (1st ed.) 136. 2 Bl. Com. 157. *Erskine* v. *Townsend*, 2 Mass. 493. The defendant was bound to reconvey, as he accepted the lease and has had the benefit of it. *The King* v. *Houghton-le-Spring*, 2 Barn. & Ald. 377. When the defendant had received $ 78·64, and interest, the instrument was *functus officio.* Yelv. 179 *d, note.* 16 Vin. Ab. Payment, F. *Smith* v. *Hoff*, 1 Cow. 127. It follows that assumpsit is the proper form of action in this case.

Shaw, C. J. The first and principal question in this case is, whether the construction of the lease in question was correct. The judge instructed the jury, that the lease described in the case constituted an interest or term defeasible on a condition, and therefore had the character of a mortgage. The instrument purports to be an indenture, but was executed by the lessor only. It is a common lease of tenements for seven and a half years, acknowledged and recorded. It recites that the lessee has paid $ 78·64 in full for the rent for the whole term. Then comes this clause. " And the lessee covenants, promises, and agrees to reconvey said premises to the lessor, upon the payment of the aforesaid sum and interest thereon." It has often been held, that where, upon a conveyance of an estate or interest 'n land, there is a stipulation in the deed itself or in any separate deed executed at the same time, and constituting with the conveyance one transaction, that the estate shall be reconveyed, upon the payment of money, such stipulation constitutes a defeasance, as much as if the words were " on condition," or " provided however," &c. *Taylor* v. *Weld*, 5 Mass. 109. *Carey* v. *Rawson*, 8 Mass. 159. *Scott* v. *McFarland*, 13 Mass. 310. This rule is most frequently applied to the case of con-

veyances in fee, but a conveyance for life or years falls within the same principle.

Being then a conveyance for a term of years, defeasible upon a condition, the relation of the parties is that of mortgagor and mortgagee.

In the present case there is no covenant, technically, on the part of the lessee, to reconvey upon condition, because he has not executed the instrument ; but being inserted in the same conveyance which raises the term and leases the estate, it enures by way of condition ; and the lessee, by accepting the deed, in the form of an indenture, but in effect a deed poll, becomes bound by the condition.

The parties then standing in the relation of mortgagor and mortgagee, all the rights and duties incident to that relation attach to them. The mortgagee, being in possession and taking the rents and profits, must upon redemption account for them, as payment, first to keep down the interest, and the surplus, if any, towards the principal. *Newall* v. *Wright*, 3 Mass. 138.

Another important consequence is, that in this case, if the $78·64 is paid at any time during the term, the condition is saved at law, the estate for years created by the lease is defeated, and the lessor is in of his old estate ; whereas, in the common case, if the money is not paid within the time, the condition is broken at law, the estate of the mortgagor is reduced to an equity of redemption, and he must have a bill to redeem, in order to restore him to his estate.

The rents and profits, received by a mortgagee in possession, either before or after condition broken, are so exclusively appropriated by law, without any act of the parties, to the payment of the interest and principal of the debt, or sum to be paid, in order to defeat the estate, that when they amount to a sufficient sum to extinguish the debt, including such principal and interest, the debt is *de facto* paid. If this occurs before condition broken, the estate is defeated, and the mortgagor may enter.

In the present case, it is found that the defendant had received, of the rents and profits of this estate, a sum much more than sufficient to pay the $78·64, and interest, together with repairs

and all costs, charges, and expenses of every kind; and this be-
ing before breach of condition, the lease was determined.

Then comes the question, whether the plaintiff can recover
the surplus, over and above the payment of his debt, in an ac-
tion for money had and received. Had the defendant occupied
the estate himself, it would have presented a question of more
difficulty. But the case finds that he let out the estate to others,
and received the rents. All that he received after his debt was
paid, he could not receive as mortgagee, because his term then
expired. He received it as money, to which the plaintiff, in
good conscience, was entitled. He then received it to his use,
and this action will lie for it.

It was said that the remedy of the plaintiff should be sought
for on the covenant of the lessee. Probably the counsel for
the defendant did not advert to the fact, that the deed is not ex-
ecuted by the defendant, so that there is no covenant, technically,
on his part. Perhaps the acceptance of a deed poll would
create an express promise on the part of the grantee, to perform
acts on his part stipulated in the deed to be performed. *Good-
win* v. *Gilbert*, 9 Mass. 510. When such promise results in
nothing more than a duty to pay money, general *indebitatus as
sumpsit* will lie.

But there is another consideration applicable to this objection.
There is no stipulation, on the part of the lessee, to account for
the surplus rents, after the debt is paid, but only to reconvey the
estate, when it is paid. If he received rents after his debt was
paid, he received money which equitably belonged to the plain-
tiff, and the duty of paying it results and raises a promise impl'ed
by law, to enforce which this is the proper form of action.

*Judgment on the verdict.*