## MASON, Ad'x, *vs.* DAVIS.

Where an equity of redemption of land mortgaged had been attached, and sold on execution; and the purchaser had entered, and received the rents and profits, and the land was subsequently redeemed by an assignee of the mortgagee—*Held*, that the mortgager could not maintain an action against the purchaser for the mesne profits received by him, and that such right of recovery, if it existed at all, vested in the assignee.

ASSUMPSIT, for money had and received. This case came before the court upon an agreed statement of facts, by which it appeared that the right in equity of James Mason, since deceased, to redeem a tract of land mortgaged by him, was levied on execution, and sold pursuant to the statute, to the defendant and one James Buswell, for $410. The defendant and Buswell entered into possession of the property, and put a tenant into the occupation of it at the rent of $50.

One or two days before the expiration of the year of redemption from the sheriff's sale, J. McDaniel and W. Restieaux, who had a deed of the property from Mason, of which said Davis had no knowledge, called upon the defendant, and proposed to pay him the amount of the purchase money and interest, and requested him to make a release of his right in the property to them. The defendant accepted the money, and executed to them a quitclaim deed of the property.

About the end of six months from the defendant and Buswell's purchase, their tenant paid to them his rent for the whole year.

This action is brought by the administratrix of Mason's estate to recover the rent so received from the defendant; and it was agreed that if the court should be of opinion that the plaintiff was entitled to recover, judgment was to be rendered for the plaintiff for fifty dollars and interest from the date of the writ; otherwise judgment was to be rendered for the defendant.

*Peaslee*, for the plaintiff.

*S. D. Bell*, for the defendant.

UPHAM, J. In the case of *Robinson* vs. *Robinson*, 1 *N. H. Rep.* 161, it was decided that a mortgager cannot maintain assumpsit against his mortgagee for the profits of the land received by the mortgagee between the time of entry to foreclose and the time when the mortgaged premises were redeemed. The court remark, that at common law, when the condition of a mortgage has been broken, the subsequent income of the estate, as well as the title, seems to be vested absolutely in the mortgagee, and that no principle exists at common law, and no provision has been made by our statutes, which will enable the mortgager to recover the profits of the land mortgaged under such circumstances. 10 *Mass. R.* 433, *Cummings* vs. *Noyes;* 6 *Johns.* 46, *Smith* vs. *Stevens; Powell on Mortgages, chap.* 6.

The case of Robinson *vs.* Robinson was determined prior to the passage of the act providing for the attachment and sale of rights in equity of redeeming real estate mortgaged. 1 *Laws N. H.* 104. That statute provides that when a sale is made of the equity of redemption of the land mortgaged, and the land is subsequently redeemed by the mortgager, or his assignee, they shall be entitled to an action to recover the mesne profits of the purchaser.

From the facts shown in this case, it appears that the plaintiff's intestate never redeemed the estate. The equity of redemption was sold at auction to the defendant, and he entered into possession and leased the premises for one year, for the sum of fifty dollars, which was received by him. Subsequently to this the intestate released all his right in the property, which was a mere right of redemption, to McDaniel and Restieaux ; and they, a few days before the defendant's title became perfected by foreclosure, redeemed the property ; and the question arises, in whom exists a right of recovery of mesne profits under these circumstances. We are clearly of opinion that this right, if it exists at all, exists in McDaniel and Restieaux. They, by the purchase of the intestate, acquired all the right and in-

Mason *v.* Davis.

terest accruing to the intestate by virtue of his relation as mortgager. The interest of the mortgager in the land, after the execution of this conveyance, ceased entirely, and became transferred, with all its rights and equities, to McDaniel and Restieaux, as his assignees. Any right of recovery for mesne profits under the mortgage, which may have existed in the mortgager, has therefore been transferred to them, and a suit for such profits, if it can prevail at all, can be maintained only in their names, and cannot be recovered by the party now prosecuting this action. There must, therefore, be  *Judgment for the defendant.*