THOMAS E. BRASTOW, and others, *vs.* GEORGE H. M. BARRETT.

Knox.    Opinion March 3, 1890.

*Action.   Mortgage.   Lease.   Possession.   Pleading.   R. S., c. 90, § 2.*

In a real action to recover land under mortgage the plaintiff then held a mortgage and a written lease of the demanded premises both in full force. The defendant having admitted by his plea of *nul disseizin*, that he was in possession of the demanded premises, holding the plaintiff out; *Held*, that the plaintiff was entitled to judgment for possession, and that the lease is not a bar to the action.

ON REPORT.

This was a real action to recover possession of land described in a mortgage deed, dated November 28, 1887, from defendant to the plaintiffs.    Plea, the general issue.

The defendant contended that the plaintiffs could not set up the mortgage against a lease of the premises signed and accepted by them from him; that an action for possession under a mortgage, before breach of condition, can be maintained only when, according to R. S., c. 90, § 2, there is no agreement to the contrary; and that a lease, in which the plaintiffs covenant to pay rent and surrender the premises at the end of the term, amounts to an agreement that the mortgagor shall retain ·possession during the term.

*C. E. Littlefield,* for plaintiffs.

*J. E. Hanly,* for defendant.

WALTON, J. A mortgagee immediately upon the execution of his mortgage may enter and take possession of the mortgaged premises, or maintain an action therefor, without waiting for a breach of the condition of the mortgage, when there is no agreement to the contrary. This right is secured to him in this state by a legislative enactment. R. S., c. 90, § 2.

This is such an action. And it appears that, at the time of its commencement, the plaintiffs held three mortgages and a written lease of the demanded premises; and that these instruments were then in full force; and the defendant admits by his plea (*nul disseizin*) that he was then in possession of the demanded premises holding the plaintiffs out. And yet he denies the right of the plaintiffs to maintain their action. He insists that the acceptance of the lease bars such an action. And he cites *Newall* v. *Wright*, 3 Mass. 138. in support of the position. It was decided, in that case, that if the holder of an existing mortgage accepts from the mortgagor a lease of the mortgaged premises, covenanting therein to pay rent, he can not resist payment of the rent before breach of the condition. That is, when the mortgage is made first and the lease afterward. The law is otherwise when the lease is made first and the mortgage afterward. But neither in the case cited, nor, so far as we are aware, in any other case, has it been held that the acceptance of a lease of the mortgaged premises will bar the mortgagee's right to maintain an action to recover possession of them, whether the action is commenced before or after breach of the condition of the mortgage, or whether the lease or the mortgage is made first. And we can perceive no reason for so holding. We are satisfied that such is not the law.

*Judgment for plaintiffs.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.